UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                             CASE NO. 08-11165-BKC-RAM

JET NETWORK, LLC,                                 CHAPTER 7

        Debtor.
_____/

ALAN GOLDBERG, Chapter 7 Trustee
for the estate of Jet Network, LLC,

        Trustee,

vs.

PARMJIT SING PARMAR a/k/a PAUL
PARMAR, an individual,

        Defendant.
_____/

## ANSWER TO COMPLAINT
## FOR DAMAGES AND OTHER RELIEF

COMES NOW THE DEFENDANT, PARMJIT SING PARMAR, a/k/a PAUL PARMAR, hereinafter "PARMAR"., by and through its undersigned counsel, and hereby answers the Trustee's complaint in this matter as follows:

    1. Defendant hereby denies the allegations as contained in Paragraph 1 of the Complaint and disputes same.

    2. Defendant denies to the allegations as contained in Paragraph 2 of the Complaint and disputes same.

    3. Defendant is without knowledge as to the allegations as contained in Paragraph 3 of the

Complaint and therefore can neither admit nor deny same.

4. Defendant is without knowledge as to the allegations as contained in Paragraph 4 of the Complaint and therefore can neither admit nor deny same.

5. Defendant admits the allegations as contained in Paragraph 5 of the Complaint but denies all assertions of in personam jurisdiction of this Court over Defendant and hereby preserves such objection for all purposes.

6. Defendant denies the allegations as contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations as contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations as contained in Paragraph 8 of the Complaint and in fact, all the exhibits to the Complaint, to the extent that the Trustee relies on same for the claims in this matter, specify the jurisdiction of any matter being in the Courts of the State of New Jersey and of Middlesex County and the United States District Court having jurisdiction of same.

9. Defendant denies the allegations as contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge as to the allegations as contained in Paragraph 10 of the Complaint and therefore can neither admit nor deny same.

11. Defendant is without knowledge as to the allegations as contained in Paragraph 11 of the Complaint and therefore can neither admit nor deny same.

12. Defendant is without knowledge as to the allegations as contained in Paragraph 12 of the Complaint and therefore can neither admit nor deny same.

13. Defendant is without knowledge as to the allegations as contained in Paragraph 13 of the

Complaint and therefore can neither admit nor deny same.

14. Defendant is without knowledge as to the allegations as contained in Paragraph 14 of the Complaint and therefore can neither admit nor deny same.

15. Defendant is without knowledge as to the allegations as contained in Paragraph 15 of the Complaint and therefore can neither admit nor deny same. Defendant has no ability to respond to the second sentence of such Paragraph 15 to the extent that same alleges that "Brandon make sure to Brandon is Cauff's son." and therefore is without the ability to frame a response to same and requests that Plaintiff clarify same so that a response, if possible be framed by PARMAR.

16. Defendant is without knowledge as to the allegations as contained in Paragraph 16 of the Complaint and therefore can neither admit nor deny same.

17. Defendant is without knowledge as to the allegations as contained in Paragraph 17 of the Complaint and therefore can neither admit nor deny same.

18. Defendant is without knowledge as to the allegations as contained in Paragraph 18 of the Complaint and therefore can neither admit nor deny same.

19. Defendant is without knowledge as to the allegations as contained in Paragraph 19 of the Complaint and therefore can neither admit nor deny same.

20. Defendant is without knowledge as to the allegations as contained in Paragraph 20 of the Complaint and therefore can neither admit nor deny same.

21. Defendant is without knowledge as to the allegations as contained in Paragraph 21 of the Complaint and therefore can neither admit nor deny same.

22. Defendant is without knowledge as to the allegations as contained in Paragraph 22 of the Complaint and therefore can neither admit nor deny same.

23. Defendant denies the allegations as contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations as contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations as contained in Paragraph 25 of the Complaint.

26. Defendant is without knowledge as the majority of the allegations as contained in Paragraph 26 of the Complaint other than the alleged "involvement" of PARMAR in such matters, which is hereby denied.

27. Defendant denies the allegations as contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations as contained in Paragraph 28 of the Complaint in that same references documents attached to the Complaint as Exhibit "A" and "B", without admitting the validity or enforce ability of same, which documents speaks for themselves and to the extent required, on their face were never executed by the Defendant, and as a result thereof such documents are not binding on the Defendant. All other and remaining allegations of such Paragraph 28 are hereby denied in their entirety.

29. Defendant admits the allegations as contained in Paragraph 29 of the Complaint in that same references documents attached to the Complaint as Exhibit "C", which document speaks for itself, without admitting the validity or enforce ability of same, which on its face were never executed by the Defendant, and as a result thereof such document is not binding on the Defendant. All other and remaining allegations of such Paragraph 29 are hereby denied in their entirety.

30. Defendant admits the allegations as contained in Paragraph 30 of the Complaint in that same references documents attached to the Complaint as Exhibit "D", without admitting the validity or enforce ability of same, which document speaks for itself and to the extent required, on their face were never executed by the Defendant, and as a result thereof such document is not binding on the

Defendant. All other and remaining allegations of such Paragraph 30 are hereby denied in their entirety.

31. Defendant hereby denies the allegations of Paragraph 31 of the Complaint to the extent that same recites the provisions of the unexecuted Credit Agreement, the terms of which, without admission of the enforceablility of same, speak for themselves.

32. Defendant admits the allegations as contained in Paragraph 32 of the Complaint in that same references documents attached to the Complaint as Exhibit "E", without admitting the validity or enforce ability of same, which document speaks for itself and to the extent required, on their face were never executed or accepted by the Defendant, and as a result thereof such document is not binding on the Defendant. All other and remaining allegations of such Paragraph 32 are hereby denied in their entirety.

33. Defendant admits the allegations as contained in Paragraph 34 of the Complaint in that same references documents attached to the Complaint as Exhibits "F" and "G", without admitting the validity or enforce ability of same, which document speaks for itself and to the extent required, on their face were never executed or accepted by the Defendant, and as a result thereof such document is not binding on the Defendant. All other and remaining allegations of such Paragraph 33 are hereby denied in their entirety.

34. Defendant admits the allegations as contained in Paragraph 33 of the Complaint in that same references documents attached to the Complaint as Exhibit "H", without admitting the validity or enforce ability of same, which document speaks for itself and to the extent required, on their face were never executed or accepted by the Defendant, and as a result thereof such document is not binding on the Defendant. All other and remaining allegations of such Paragraph 34 are hereby

denied in their entirety.

35. Defendant denies the allegations as contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations as contained in Paragraph 36 of the Complaint. To the extent that same references "advertisements" the Plaintiff has failed to meet its pleading requirements and as such the allegations are subject to dismissal for failure to attached the referenced document(s).

37. Defendant hereby denies the allegations as contained in Paragraph 37 of the Complaint.

38. Defendant hereby denies the allegations as contained in Paragraph 38 of the Complaint.

39. Defendant hereby denies the allegations as contained in Paragraph 39 of the Complaint.

40. Defendant is without knowledge as to the allegations as contained in Paragraph 40 of the Complaint and can therefore neither admit nor deny same.

41. Defendant admits the allegations as contained in Paragraph 41 of the Complaint in that same references documents attached to the Complaint as Exhibit "I", without admitting the validity or enforce ability of same, which document speaks for itself and to the extent required, on their face were never executed or accepted by the Defendant, and as a result thereof such document is not binding on the Defendant. All other and remaining allegations of such Paragraph 41 are hereby denied in their entirety.

42. Defendant hereby denies the allegations as contained in Paragraph 42 of the Complaint.

43. Defendant hereby denies the allegations as contained in Paragraph 43 of the Complaint.

44. Defendant hereby denies the allegations as contained in Paragraph 44 of the Complaint.

45. Defendant hereby denies the allegations as contained in Paragraph 45 of the Complaint.

46. Defendant hereby denies the allegations as contained in Paragraph 46 of the Complaint.

47. Defendant hereby denies the allegations as contained in Paragraph 47 of the Complaint.

48. Defendant is without knowledge of the allegations of Paragraph 48 of the Complaint and can therefore neither admit nor deny same.

49. Defendant hereby denies the allegations as contained in Paragraph 49 of the Complaint.

50. Defendant hereby denies the allegations as contained in Paragraph 50 of the Complaint.

51. Defendant hereby denies the allegations as contained in Paragraph 51of the Complaint.

52. Defendant is without knowledge as to the allegations as contained in Paragraph 52 of the Complaint and therefore can neither admit nor deny same.

53. Defendant hereby denies the allegations as contained in Paragraph 52 of the Complaint.

54. Defendant is without knowledge as to the allegations as contained in Paragraph 54 of the Complaint and therefore can neither admit nor deny same.

55. Defendant hereby denies the allegations as contained in Paragraph 55 of the Complaint.

56. Defendant denies any alleged "mismanagement", "misfeasance" or "malfeasance" on his part as to Debtor, including those matters set forth in sub-paragraphs (i)-(iv) and (a)-(y), inclusive and any and all sub-parts thereof.

57. Defendant hereby denies the allegations as contained in Paragraph 57 of the Complaint.

58. Defendant hereby denies the allegations as contained in Paragraph 58 of the Complaint.

59. Defendant is without knowledge as to the allegations as contained in Paragraph 59 of the Complaint and can therefore neither admit nor deny same.

60. Defendant hereby denies the allegations as contained in Paragraph 60 of the Complaint.

61. Defendant hereby denies the allegations as contained in Paragraph 61 of the Complaint.

62. Defendant hereby denies the allegations as contained in Paragraph 62 of the Complaint.

63. Defendant hereby denies the allegations as contained in Paragraph 63 of the Complaint.

64. Defendant hereby denies the allegations as contained in Paragraph 64 of the Complaint with regard to any allegations regarding Defendant other than a filing of a claim on his behalf in the underlying bankruptcy matter, which is admitted. The Defendant is without knowledge as to the remaining allegations of such Paragraph 64 and therefore can neither admit nor deny same.

65. In response to the allegations of Paragraph 65 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

66. Defendant admits the allegations as contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations as contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations as contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations as contained in Paragraph 69 of the Complaint.

70. Defendant hereby denies the allegations as contained in Paragraph 70 of the Complaint together with all sub-parts thereto, (a) through (k), inclusive.

71. Defendant hereby denies the allegations as contained in Paragraph 71 of the Complaint.

72. Defendant hereby denies the allegations as contained in Paragraph 72 of the Complaint.

73. Defendant hereby denies the allegations as contained in Paragraph 73 of the Complaint with regard to any allegations regarding Defendant other than a filing of a claim on his behalf in the underlying bankruptcy matter, which is admitted.

74. In response to the allegations of Paragraph 74 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

75. Defendant is without knowledge as to the allegations as contained in Paragraph 75 and therefore can neither admit nor deny same.

76. Defendant hereby denies the allegations as contained in Paragraph 76 of the Complaint.

77. In response to the allegations of Paragraph 77 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

78. Defendant hereby denies the allegations as contained in Paragraph 78 of the Complaint.

79. Defendant hereby denies the allegations as contained in Paragraph 79 of the Complaint.

80. Defendant hereby denies the allegations as contained in Paragraph 80 of the Complaint.

81. In response to the allegations of Paragraph 81 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

82. Defendant is without knowledge as to the allegations as contained in Paragraph 82 and therefore can neither admit nor deny same.

83. Defendant hereby denies the allegations as contained in Paragraph 83 of the Complaint.

84. Defendant hereby denies the allegations as contained in Paragraph 84 of the Complaint.

85. Defendant hereby denies the allegations as contained in Paragraph 85 of the Complaint.

86. Defendant hereby denies the allegations as contained in Paragraph 86 of the Complaint.

87. Defendant hereby denies the allegations as contained in Paragraph 87 of the Complaint, and to the extent required, is unable to determine whom if anyone is a "mediate" transferee as referred to in such allegations, and therefore is without knowledge as to such reference and can neither admit nor deny same.

88. In response to the allegations of Paragraph 88 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

89. Defendant hereby denies the allegations as contained in Paragraph 89 of the Complaint.

90. Defendant hereby denies the allegations as contained in Paragraph 90 of the Complaint.

91. Defendant hereby denies the allegations as contained in Paragraph 91of the Complaint.

92. Defendant hereby denies the allegations as contained in Paragraph 92 of the Complaint.

93. Defendant hereby denies the allegations as contained in Paragraph 93of the Complaint.

94. Defendant is without knowledge as to the allegations as contained in Paragraph 94 and therefore can neither admit nor deny same.

95. In response to the allegations of Paragraph 95 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

96. Defendant hereby denies the allegations as contained in Paragraph 96 of the Complaint.

97. Defendant hereby denies the allegations as contained in Paragraph 97 of the Complaint.

98. Defendant hereby denies the allegations as contained in Paragraph 98 of the Complaint.

99. In response to the allegations of Paragraph 99 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

100. Defendant hereby denies the allegations as contained in Paragraph 100 of the Complaint.

101. Defendant hereby denies the allegations as contained in Paragraph 101 of the Complaint.

102. Defendant hereby denies the allegations as contained in Paragraph 102 of the Complaint.

103. In response to the allegations of Paragraph 103 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

104. Defendant hereby denies the allegations as contained in Paragraph 104 of the Complaint.

105. Defendant hereby denies the allegations as contained in Paragraph 105 of the Complaint.

106. Defendant hereby denies the allegations as contained in Paragraph 106 of the Complaint.

107. In response to the allegations of Paragraph 107 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

108. Defendant hereby denies the allegations as contained in Paragraph 108 of the Complaint.

109. Defendant hereby denies the allegations as contained in Paragraph 109 of the Complaint.

110. Defendant hereby denies the allegations as contained in Paragraph 110 of the Complaint.

111. Defendant hereby denies the allegations as contained in Paragraph 111 of the Complaint.

112. Defendant hereby denies the allegations as contained in Paragraph 112 of the Complaint, in that the proposed use of the provisions of the Bankruptcy Code would be inconsistent with the intent and purpose of same.

113. In response to the allegations of Paragraph 113 of the Complaint in this matter,

Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

114. Defendant hereby denies the allegations as contained in Paragraph 114 of the Complaint.

115. Defendant hereby admits the allegations as contained in Paragraph 115 by virtue of his filing of a proof of claim in the underlying matter, which filing and its contents speak for themselves and Defendant therefore denies any allegations as contained in such Paragraph 115 inconsistent therewith.

116. Defendant is without knowledge as to the allegations as contained in Paragraph 116 and can therefore neither admit nor deny same.

117. In response to the allegations of Paragraph 117 of the Complaint in this matter, Defendant reasserts his prior responses to the allegations of the Plaintiff's Complaint as if fully set forth herein in their entirety.

118. Defendant hereby denies the allegations as contained in Paragraph 118 of the Complaint.

119. Defendant hereby denies the allegations as contained in Paragraph 119 of the Complaint.

120. Defendant hereby denies the allegations as contained in Paragraph 120 of the Complaint.

121. Defendant hereby denies any and all remaining allegations of the Plaintiff's complaint not specifically responded to herein above, including any prayers for relief and un-numbered portions of the allegations of the Complaint in this matter.

## DEMAND FOR TRIAL BY JURY

Defendant, PARMAR, hereby demands trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES

122. As his First Affirmative Defense, PARMAR states that to the extent that the Trustee seeks to avoid payments made by Debtor to PARMAR, such payments were made in consideration of a substantially contemporaneous exchange of services and goods for value or in keeping with the obligations of the Debtor to PARMAR in repayment of loans made.

123. As his Second Affirmative Defense, PARMAR states that the Complaint fails to state a cause of action for "Breach of Fiduciary Duty" in that the Trustee fails to allege that PARMAR had and maintained a position of trust vis a vis the Debtor, and in fact all such transactions were undertaken as arms-length transactions, in which the obligations of the Debtor to PARMAR, as a lender, were expressly and explicitly understood. Similarly, despite the hopes and wishes of the Trustee, the Trustee has asserted a new and novel theory of liability of "aiding and abetting breach of fiduciary duty" whereby the Trustee seeks to "whitewash" the conduct of third parties, who are not parties to this action, by alleging that PARMAR is somehow "responsible" for the actions of such third parties, while in the same breath failing to allege that PARMAR directed such actions.

124. As his Third Affirmative Defense, PARMAR states that the Trustee has failed to join in this action indispensable parties, to wit: Cauff, Keister, Dorscher, Brandon and Abby, as referred to in the Complaint and therefore this action must be dismissed for failure to join such necessary and indispensable parties.

125. As his Fourth Affirmative Defense, PARMAR states that some or all of the claims involved in the supposed "preference" payments to PARMAR by the Debtor took place outside the

period for the Statute of Limitations for such a claim on the part of the Trustee, who, having the benefit of the receipt of the financial documents of the Debtor, knew at the time of the filing of this action, that some or all of the supposed claims were time barred and were not subject to the claims of the Trustee.

126. As his Fifth Affirmative Defense, PARMAR states that any payments made by Debtor to PARMAR were in the ordinary course of business for payments by and between Debtor and PARMAR. In fact the repeated nature of such payments over a period of time is demonstrative of the nature of these payments, which were neither isolated or undertaken on the "eve" of the involuntary filing in this matter.

127. As his Sixth Affirmative Defense, PARMAR states that any payments received by PARMAR from the Debtor were in exchange for new value given to the Debtor either in the way of goods and/or services.

128. As his Seventh Affirmative Defense, PARMAR states that as there was an express agreement by and between PARMAR and Debtor existed as to the Back End Fee, as alleged in Count IV of the Complaint, any cause of action for unjust enrichment fails to state a cause of action and must be dismissed.

129. As his Eight Affirmative Defense, PARMAR states that any payments made by Debtor to PARMAR were made and received in good faith and subject to the substantial benefit to Debtor of the actions of PARMAR relative to Debtor in making loan(s) to Debtor for its business operations and therefore are not subject to recovery under the theory of unjust enrichment.

130. As his Ninth Affirmative Defense, PARMAR states that the Trustee, as Plaintiff, fails to state a cause of action for turnover of the property of the Debtor's estate with regard to the Back

End Fee, in that such claim is the subject of an express agreement and therefore equitable remedies or remedies outside the alleged contract are inapplicable unless properly pled in the alternative, which by the pleadings include the allegations of Paragraphs 24 and 25, referencing such alleged agreement.

131. As his Tenth Affirmative Defense, PARMAR states that the Trustee, as Plaintiff, fails to state a cause of action for "recharacterization of secured debt to equity" in that same fails to state the indicia of fraud and to plead same with particularity as required at law. No ultimate facts are pled which would support such a cause of action.

132. As his Eleventh Affirmative Defense, PARMAR states that the Trustee fails to state a cause of action for an equitable accounting based on the arms-length nature of the transactions involved and the fact that the Trustee has failed to allege doubt as to the supposed funds due from PARMAR to the Estate of the Debtor.

34. As his Twelfth Affirmative Defense, PARMAR states that the Trustee, as Plaintiff, fails to state a cause of action for equitable subordination under 11 USC Section 510(c) as the Trustee has failed to plead the badges of fraud with the specificity required by law so as to establish "unclean hands", including the dates of such conduct, the parties involved in such conduct and the nature of the communications and actions involved.

Respectfully submitted this 27th day of April, 2009.

[SPACE LEFT BLANK INTENTIONALLY]

I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

SELZ & MUVDI SELZ, P.A.
Counsel for Defendant, PARMJIT SING PARMAR
500 University Blvd., Suite 110
Jupiter, FL 33458
Tel: (561) 694-0260
Fax: (561) 694-0230

By: _____
Steven M. Selz, Esq.
Florida Bar No. 777420
Email: Selzmuvdi@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile transmission [(305) 349-2310] and U.S. first class mail, postage pre-paid to all parties on the attached Service List on this 27th day of April, 2009.

By: _____
Steven M. Selz, Esq.

## SERVICE LIST

Carlos E. Sardi, Esq.
Genovese, Joblove & Battista, P.A.
Bank of America Tower
100 SE Second Street, 44th Floor
Miami, FL 33131