UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                  Chapter 7

JET NETWORK, LLC                      Case No.: 08-11165-BKC-RAM

    Debtor.
_____/

ALAN GOLDBERG, Chapter 7 Trustee         Adv. No.   08-01739-BKC-RAM
for the Estate of Jet Network, LLC,

    Plaintiff,
vs.

LEE P. MARKS, P.A., a Florida Professional
Association, and LEE P. MARKS, an
individual,

    Defendants.
_____/

ALAN GOLDBERG, Chapter 7 Trustee         Adv. No. 09-1108-BKC-RAM-A
for the Estate of Jet Network, LLC,

    Plaintiff,
vs.

PARMJIT SIN PARMAR a/k/a PAUL
PARMAR, an individual,

    Defendants.
_____/

ALAN GOLDBERG, Chapter 7 Trustee         Adv. No. 09-01109-BKC-RAM-A
for the Estate of Jet Network, LLC,

    Plaintiff,
vs.

YWB, LLC,

    Defendant.
_____/

ALAN GOLDBERG, Chapter 7 Trustee for the Estate of Jet Network, LLC,

Adv. No. 09-1212-BKC-RAM

    Plaintiff,

vs.

STUART L. CAUFF, an individual, MICHAEL A. KEISTER, an individual, SUSAN M. LEWIS, an individual, CHRISTOPHER DOSCHER, an individual, BRANDON D. CAUFF, an individual, and ABBY CAUFF, an individual,

    Defendants.

_____/

## PAUL PARMAR'S NOTICE OF SERVICE OF ANSWERS TO INTEROGATORIES

The undersigned, as counsel for the Defendant, PAUL PARMAR, hereby give notice of the services of PAUL PARMAR's Answers to Interrogatories as propounded on PAUL PARMAR by Plaintiff under the service date of July 2, 2009.

Dated this 26th day of October, 2009

    Selz & Muvdi Selz, P.A.
*Counsel for Defendant's Parmar & YWB*
500 University Blvd., Suite 110
Jupiter, Florida 33458
Telephone:  (561) 694-0260
Facsimile:  (561) 694-0230

By: _____
Steven M. Selz, Esq.
Florida Bar No. 777420
Email: selzmuvdi@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first-class postage-prepaid U.S. Mail to all parties on the attached service list this 26th day of October, 2009.

_____
Steven M. Selz

## ANSWERS TO INTERROGATORIES

Please identify by name, address, and relationship to Parmar, each and every individual who assisted or contributed Parmar to the collection of information necessary to answer these interrogatories or who participated in the framing of such answers.

Paul Parmar, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603
Sam Zaharis, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603

Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom Parmar believe may have knowledge or information pertaining to any fact alleged in the Complaint, or any fact underlying the subject matter in Adv. No. 09-01108-BKC-RAM-A.

Paul Parmar, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603
Sam Zaharis, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603

Please state the specific nature and substance of the knowledge that Parmar believes the person(s) identified in your response to Interrogatory No. 2 may have.

The lack of involvement of Parmar in the business operations of Jet Network, LLC other than as and investor.

Please provide the names, addresses of each person whom Parmar may call to testify at trial in Adv. No. 09-01108-BKC-RAM-A.

Paul Parmar, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603
Sam Zaharis, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603

Please provide the name of each person whom Parmar may use as an expert witness at trial in Adv. No. 09-01108-BKC-RAM-A.

None at this time.

Please state in detail the substance of the opinions to be provided by each person whom Parmar may use as an expert witness at trial in Adv. No. 09-01108-BKC-RAM-A.

Not applicable, see answer to interrogatory #5.

State with specificity and particularity each and every fact that supports the First Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I loaned the company $17,000,000.00 through various entities which was to be paid back by Jet Network, LLC, any payments received were related to same.

  State with specificity and particularity each and every fact that supports the Second Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I never directed the conduct of Jet Network, LLC and although I communicated with the officers and directors of the company that was in relation to the loan made and/or the use of the YWB jet by Jet Network, LLC. I was never an officer or director of Jet Network, LLC.

  State with specificity and particularity each and every fact that supports the Third Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

The parties named in the complaint, Cauff, Keister, Dorscher, Brandon and Abby appear from the allegations of the complaint to have taken monies from Jet Network, LLC, and therefore they are parties who may be responsible for the same damages I am being accused of being involved with. Stuart Keister was paid I think $300,000 a year for little or no service.

  State with specificity and particularity each and every fact that supports the Fourth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I don't know about the statute of limitations, I think this is a legal issue that my attorney knows about.

  State with specificity and particularity each and every fact that supports the Fifth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

The payments were made based on the loans made to Jet Network and were repaid based on those loans.

  State with specificity and particularity each and every fact that supports the Sixth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

All payments were made relative to the loans made to Jet Network, LLC.

  State with specificity and particularity each and every fact that supports the Seventh Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I was to be paid a back end fee related to the operations of Jet Network based on the agreement related to the loans.

    State with specificity and particularity each and every fact that supports the Eighth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

The monies were lent to Jet Network, LLC and were used, according to the information I have, for the business and its operations.

    State with specificity and particularity each and every fact that supports the Ninth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

The monies were lent as part of an agreement that a back end fee would be paid- that was part of the agreement and contract for the loan of the $17,000,000.00.

    State with specificity and particularity each and every fact that supports the Tenth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I don't know what has to be pled by the trustee for fraud- so I can't comment- this is a legal issue.

    State with specificity and particularity each and every fact that supports the Eleventh Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

I don't know what the trustee wants- this is a legal issue all I know is that the monies were lent and were to be paid back by Jet Network, LLC and that some but not all payments were made.

    State with specificity and particularity each and every fact that supports the Twelfth Affirmative Defense contained in Parmar=s Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

This seems to ask me what the trustee has to plead for "unclean hands" which I really don't know, I guess the trustee has to state facts which are missing.

    Identify each and every person, including name, address and telephone number, who has personal knowledge of the facts supporting any of Parmar=s Affirmative Defenses asserted in his Answer to the Complaint in Adv. No. 09-01108-BKC-RAM-A.

Paul Parmar, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603
Sam Zaharis, 100 Matawan Road, Matawan, NJ   00747, Tel: (732) 203-2603

    For each person identified in Interrogatory No. 19 above, state with specificity and particularity the substance of their knowledge.

The making of the loan to Jet Network, LLC and the non-repayment of the monies other than partial payments.

State with specificity and particularity each and every fact surrounding the circumstances under which Parmar commenced and terminated his commercial and business relationship with Jet First and the Debtor.

The relationship was a series of loans made by myself and my companies to Jet Network, LLC based on the business plan that was presented and the related promises that the loan and the monies due would be repaid. The relationship ended when Jet Network, LLC failed to live up to its promises and failed to repay the loans.

State with specificity and particularity each and every fact surrounding the circumstances under which Parmar commenced a commercial relationship with T Segrave, J. Segrave and Segrave Aviation to form Pegasus Elite, including, but not limited, to a description of: (i) the source and amount of any investment or financing provided by any party to Pegasus Elite from its inception to the date of this Request; (ii) any and all communications between or among Parmar, T. Segrave, J. Segrave, Zaharis, Merrill Lynch, or any other party or parties; (iii) the execution of any agreement(s) to formalize the venture or financing of the same; and (iv) any other similar information.

I don't have any information on this.

Please identify any documents supporting your answer to Interrogatory Nos. 21 and 22 above.

The loan documents showing the payments made as loans to Jet Network, LLC and the repayments made. I may or may not have copies of all of those but will produce what I have.

Dated this 28 day of October, 2009.

By: _____
Parmjit Sing Parmar

State of New Jersey
County of Monmouth

Sworn to and subscribed before me on this 28 day of October, 2009 by Parmjit Sing Parmar, who is personally known to me or who produced _____ US Passport _____ as identification and who did not take an oath.

_____
Notary Public

Seal:

VICTORIA ALI
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 6/4/2012

## SERVICE LIST

**VIA U.S. MAIL**

Geoffrey S. Aaronson, Esq.
Geoffrey S. Aaronson, P.A.
Bank of America Tower
100 S.E. Second Street, 27th Floor
Miami, FL 33131
*Counsel for Lee P. Marks, P.A.
and Lee P. Marks*

Genovese Joblove & Battista, P.A.
Gregory M Garno, Esq.
Carlos E. Sardi, Esq.
Monique D. Hayes, Esq.
Bank of America Tower
100 S.E. 2nd Street, 44th Floor
Miami, FL 33131
*Counsel for Plaintiff*

Nicholas B. Bangos, Esq.
Nicalas B. Bangos, P.A.
Bank of America Tower
100 S.E. Second Street, Suite 2600
Miami, FL 33131
*Counsel for Michael Keister
and Susan M. Lewis*

Steve I Silverman, Esq.
Kluger, Kaplan, Silverman, et al.
201 S. Biscayne Blvd., 17th Floor
Miami, FL 33131
*Counsel for Stuart L Cauff,
Brandon D. Cauff and Abby Cauff*

Christopher Doscher
15935 Hiller Street
Wellington, FL 33414
*Pro Se*

Sotirios Zaharis
100 Matawan Road, #410
Matawan, NJ 07747
*Pro Se*